# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MAUREEN JAYNE GAGNE,

        Defendant-Appellant.

UNPUBLISHED
November 3, 2015

No. 321832
Iron Circuit Court
LC No. 13-009357-FH

Before: MARKEY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right from her conviction following a jury trial of resisting and obstructing, MCL 750.81d(1), for which she was sentenced to 30 days' in jail. For the reasons explained below, we affirm.

In June 2013, two police officers arrived at defendant's home to serve a warrant for her arrest for assault and battery and to retrieve her daughter's medicine. Another officer had informed defendant several days earlier that she would be notified and given the opportunity to turn herself in if an arrest warrant was issued. The two officers who went to her home were not aware of this conversation.

One of the two officers knocked on defendant's door while holding the arrest warrant; the second officer stayed a few steps back. The officers had decided that they would not initially inform defendant of the warrant because they wanted her assistance in obtaining her daughter's medicine first. Defendant opened her door, stuck her arm out, and asked for her arrest papers. When asked about the medicine, she told the officers she had flushed it down the toilet. At that point she tried to close the screen door, but one officer grabbed it out of her hand and again asked about the medicine. When defendant tried to close the inner wooden door, the officer stuck his foot out to prevent it from closing. He entered defendant's home, grabbed her arm, and told her she was under arrest and should put her arms behind her back. When defendant tried to break free, the officer tripped her to gain control of the situation. She continued to struggle as the officers placed her in handcuffs.

On appeal, defendant claims that her conviction should be reversed and the charge dismissed because the officers failed to meet the requirements of MCL 764.18 (arrest under warrant) and MCL 764.21 (right to break open door). Defendant preserved her challenge based on MCL 764.21 by relying on the statute in support of a pretrial motion to dismiss the resisting

and obstructing charge. Defendant fails to identify where she preserved her argument that the arresting officers violated MCL 764.18. Her counsel mentioned the statute during cross-examination of one of the two officers on the scene, but defendant did not rely on the statute as a basis for dismissing the charge. Thus, her argument based on MCL 764.18 is unpreserved.

This Court reviews questions of law de novo and a lower court's factual findings for clear error. *People v McRae*, 469 Mich 704, 710; 678 NW2d 425 (2004). Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). An error is plain when it is clear or obvious. *Id.* at 763. An error affects substantial rights when it "could have been decisive of the outcome" of the case. *People v Grant*, 445 Mich 535, 547; 520 NW2d 123 (1994). Further, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Carines*, 460 Mich at 763-764 (internal quotation marks and citation omitted).

Defendant fails to show any violation of MCL 764.21, which provides as follows:

> A private person, when making an arrest for a felony committed in his or her presence, or a peace officer or federal law enforcement officer, when making an arrest with a warrant or when making a felony arrest without a warrant as authorized by law, may break open an inner or outer door of a building in which the person to be arrested is located or is reasonably believed to be located if, after announcing his or her purpose, he or she is refused admittance.

By its plain language, MCL 764.21 applies only when a person making an arrest "break[s] open" the door of a building. Here, the defendant opened the door to her home, and the arresting officers merely entered without her permission after preventing her from closing the door. Thus, the trial court did not clearly err in concluding that MCL 764.21 was inapplicable.

Defendant also fails to establish plain error with respect to MCL 764.18, which provides as follows:

> Where an arrest is made under a warrant, it shall not be necessary for the arresting officer personally to have the warrant in his possession but such officer must, if possible, inform the person arrested that there is a warrant for his arrest and, after the arrest is made, shall show such person said warrant if required, as soon as practicable.

MCL 764.18 applies when a warrant has been issued but the arresting officer does not personally have the warrant with him at the time of arrest. Under such a circumstance, "such officer" can still make an arrest by complying with the procedures set forth in the statute. The statute is inapplicable here, where the uncontested evidence showed that the officers had a warrant for defendant's arrest with them.

Defendant also argues that her counsel should have been allowed to read the text of either MCL 764.18 or MCL 764.21 to the jury. Having failed to put forth any evidence from which a reasonable jury could have believed that the arresting officers violated MCL 764.18 or MCL

764.21, defendant was not entitled to have the instructions read. *People v Kolanek*, 491 Mich 382, 411; 817 NW2d 528 (2012) ("If . . . a defendant raises a defense but fails to present evidence from which a reasonable jury could conclude that the elements of the defense have been met, then the defendant is not entitled to the defense instruction and the jury is precluded from considering the defense.").

Affirmed.

/s/ Jane E. Markey
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan